### McDERMOTT v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Term. June 22, 1905.)

STREET RAILWAYS—BREACH OF CONTRACT—EXCEPTIONS—MOTION TO STRIKE OUT TESTIMONY.

    Where, in an action against a street railway for breach of contract in failing to carry him to his destination, plaintiff claimed damages for illness consequent on exposure while riding in one of defendant's cars, and a witness volunteered the statement, "I really think the man has tuberculosis now from the effects of that," referring to the experience he concluded plaintiff had undergone, the denial of defendant's motion to strike out the statement was erroneous, the record not disclosing what the word "that" covered.

Appeal from Municipal Court, Borough of Manhattan.

Action by Henry McDermott against the Brooklyn Heights Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before SCOTT, P. J., and MacLEAN and DUGRO, JJ.

George D. Yeomans, for appellant.

Max E. Lehman, for respondent.

PER CURIAM. The witness Boulee volunteered the statement, "I really think the man has tuberculosis now from the effects of that," referring to the experience which the witness Boulee concluded that the plaintiff had undergone. The defendant excepted to the denial of his motion to strike out this statement. This exception presents error, as the record does not disclose what the word "that" covered.

The judgment will therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

SCOTT, P. J., concurs.

MacLEAN, J. (concurring). Suing to recover for breach of contract, and testifying thereto, if credited and preponderating, as his

evidence was found to be by the trial justice, the plaintiff might recover his damage, but only such as proximately flowed from the breach. When he boarded an Ocean avenue car at Sheepshead Bay for Broadway·Ferry and found it so marked, he might, perhaps, rely upon his acceptance by the car company as a passenger for that destination, but when they refused to carry him beyond the King's Highway, then, if at all, occurred the breach. That plaintiff, refusing to move from that car, chose to ride into a car shed, and back again to Sheepshead Bay, and then to the King's Highway shed, from 10:30 p. m., to 3:30 a. m. until put into a wagon by the police and carried to the station, may have suited his choice and his temperament, but he may not well charge upon the defendant illness consequent upon his own exposure, and in no manner shown to be the result of the breach of contract by the defendant. The judgment for $225 rendered herein was grossly in excess of his damage, and beyond the clear weight of any proper evidence for its support.